# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 17, 2009

## STATE OF TENNESSEE V. ANGELA ANN COLLINS

### Appeal from the Circuit Court for Dickson County
### No. 22CC-2008-CR-415   George Sexton, Judge

---

### No. M2008-02766-CCA-R3-CD - Filed January 25, 2010

---

Appellant, Angela Ann Collins, was indicted by the Dickson County Grand Jury for driving under the influence ("DUI") and violation of the implied consent law. She was convicted by a jury. Appellant appeals her conviction and the sentence imposed by the trial court. Because we determine that the evidence was sufficient to support the conviction and that the trial court did not abuse its discretion in sentencing Appellant, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

William B. Lockert, III, District Public Defender and Lila Kathleen Mitchell, Assistant District Public Defender, for the appellant, Angela Ann Collins.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; and Dan Alsobrooks, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant was arrested on February 9, 2008, for DUI in Dickson County. Upon her arrest, she refused to submit to a breath test, so she was cited for violation of the implied consent law. In July of 2008, the Dickson County Grand Jury returned an indictment in which Appellant was charged with DUI and violation of the implied consent law.

A jury trial was held. According to a Statement of the Evidence, Deputy Mike Eggiman observed a vehicle driving erratically on Highway 46 in Dickson, Tennessee on February 9, 2008. After the vehicle crossed the fog line three times, Deputy Eggiman pulled the vehicle over. The vehicle turned left to park in the lot at a Pilot Station but instead parked on the right hand side of Livestock Road. Appellant was the driver of the vehicle, and Ramon Alvarez was the passenger. Deputy Eggiman testified that both had the "strong odor of intoxicant."

Deputy Eggiman asked Appellant to perform the "walk and turn" as well as the "one leg stand" field sobriety tests. Deputy Eggiman demonstrated them on the side of the road where there was a line. Appellant tried the "walk and turn" and "on the first nine steps, there were three steps with large gaps between heel and toe, four steps were off the line and [Appellant] used her arms for balance." The second time she tried, Appellant missed the heel and toe four times and stepped off the line three times.

Despite claiming that she took yoga, Appellant placed her foot down six times and lost her balance two times. Appellant claimed that she consumed one or two beers and was the designated driver for Mr. Alavarez.

Mr. Alvarez was not arrested. He was allowed to leave the scene with his wife.[1]

After her arrest, Appellant refused to submit to the breath test. There was no videotape of the incident.

Appellant testified during trial that she was the designated driver and had "about one and one half beers at 10:00 p.m. at Otto's Bar." Appellant claimed that "irregular pavement" and two-and-a-half inch heels prevented her from performing the field sobriety tests. Further, Appellant claimed that she was "distracted" by the large trucks pulling off the

---

[1]It is not clear from the record whether his wife was present at the scene.

highway into the Pilot Station. Appellant did not take the breath test because she felt Deputy Eggiman did not treat her with respect.

Lisa Johnson, an investigator with the Public Defender's Office, testified that the site where Appellant was pulled over had irregular pavement and was unmarked by any lines. She also testified that there was a high volume of large truck traffic in the area.

Mr. Alvarez testified that Appellant was his designated driver on the night of the arrest and was sober after having one or two drinks during the evening.

The jury returned a guilty verdict for DUI after listening to the evidence. The trial court sentenced Appellant to eleven months, and twenty-nine days, ordering Appellant to serve seven days in incarceration and the balance of the sentence suspended. Appellant was also ordered to pay $350 in fines and costs, attend alcohol safety school, and surrender her driver's license for one year.

Appellant filed a timely notice of appeal.

*Analysis*

On appeal, Appellant argues that the evidence is insufficient to support her conviction for DUI and that the trial court imposed an excessive sentence. The State argues that the evidence was ample to support the conviction and that Appellant waived any challenge to her sentence by failing to include a transcript on appeal.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting

proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions of witness credibility, the weight and value of evidence, and resolution of conflicts in the evidence are entrusted to the trier of fact. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996).

Tennessee Code Annotated section 55-10-401(a)(1) states, "It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any public roads . . . while: (1) Under the influence of any intoxicant. . . ." On appeal, Appellant argues that the evidence was insufficient to meet the requirements of this statute because of her testimony and the testimony of her witnesses. However, as stated above, the trier of fact makes the final determination as to the credibility of the witnesses and the weight and value to be given to evidence. *Pruett*, 788 S.W.2d at 561. Clearly, the jury determined the officer's testimony to be more credible and have more weight than that of Appellant's witnesses.

When viewing the evidence in a light most favorable to the State, Deputy Eggiman saw Appellant crossing the fog line on three occasions. After being pulled over, Deputy Eggiman smelled alcohol on Appellant. He administered both the walk-and-turn and the one-legged stand test. Appellant was unable to perform either test. This is adequate evidence for a reasonable trier of fact to conclude that Appellant was under the influence of an intoxicant.

Therefore, this issue is without merit.

*Sentencing*

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *See* T.C.A. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. *See State v. Troutman*, 979 S.W.2d 271, 273 (Tenn. 1998); *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor is not entitled to a presumptive sentence. *See State v. Creasy*, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. T.C.A. § 40-35-302(a). The trial court retains

the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. T.C.A. § 40-35-302(e). In determining the percentage of the sentence to be served in actual confinement, the court must consider the principles of sentencing and the appropriate enhancement and mitigating factors, and the court must not impose such percentages arbitrarily. T.C.A. § 40-35-302(d).

At the outset, we note that the State argues Appellant has waived a review of her sentence due to her failure to include a transcript of the sentencing hearing. In the present case, the parties submitted a statement of the evidence rather than a transcript of the trial. The statement of the evidence reflects that the trial court held a separate sentencing hearing prior to sentencing Appellant to serve seven days in incarceration. The statement of the evidence fails to reflect the considerations the trial court found significant in imposing a sentence involving seven days of jail service on a first offense DUI conviction. There is no transcript of the sentencing hearing in the record on appeal. An appealing party has a duty to provide a complete record to enable meaningful appellate review. *See* Tenn. R. App. P. 24. As the Appellant has failed to do so, we are unable to consider this issue. *See State v. Matthews*, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990). When the record is incomplete, we must presume that the judgment of the trial court was correct. *Id.* This issue is waived.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE